IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-336-FL
NO. 5:09-CV-562-FL

| | |
|---|---|
| **JAMES WEBSTER MORROW,** )<br>    Petitioner, )<br> )<br>v. )<br> )<br>**UNITED STATES OF AMERICA**, )<br>    Respondent. )<br>_____ ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-30) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-28). Petitioner has filed a response and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-30) be GRANTED and that Petitioner's Motion to Vacate (DE-28) be DENIED.

**I. Background**

Petitioner was charged on November 14, 2007 with being a felon in possession of a firearm (DE-1). On January 7, 2008, Petitioner pleaded guilty to this charge following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure (DE-13). During his Rule 11 hearing Petitioner testified that:

THE COURT: Have you taken any drugs, medicines or pills or drunk any alcoholic beverages in the past 24 hours?

MR. MORROW: No, sir.

THE COURT: Do you understand that the purpose of this proceeding today is to take your plea in response to the charges against you?

MR. MORROW: Yes, sir.

THE COURT: Mr. Martin, have you had any difficulty communicating with Mr. Morrow?

MR. MARTIN: No, Your Honor.

THE COURT: Are you aware of any reason to doubt his competency?

MR. MARTIN: No, Your Honor.

THE COURT: Mr. Bennett, sir, are you aware of any reason to doubt the defendant's competency?

MR. BENNETT: No, Your Honor.

THE COURT: The Court finds as a fact that Mr. Morrow understands these proceedings and is competent to plead in response to the indictment. Mr. Morrow, I just want to --let me just confirm you've read a copy of the indictment.

MR. MORROW: Yes, sir.

THE COURT: And you've discussed it with your lawyer?

MR. MORROW: Yes, sir . . .

 . . .THE COURT: And, Mr. Morrow, I've asked you if you have discussed the charges against you with your lawyer. Have you discussed your case generally with your lawyer, essentially all aspects of your case?

MR. MORROW: Yes, sir.

THE COURT: Have you had sufficient time for those discussions?

MR. MORROW: Yes, sir.

THE COURT: Are you satisfied with the services that he's provided to you?

MR. MORROW: Yes, sir . . .

 . . . THE COURT: And, sir, how do you wish to plead to the charges against you?

MR. MORROW: Guilty . . .

 . . . THE COURT: Mr. Martin, Mr. Bennett, is there a plea agreement in this case?

MR. BENNETT: There is not, Your Honor.

THE COURT: Mr. Morrow, has anyone made any promise or assurance to you of any kind in an effort to induce to you plead guilty in this case?

MR. MORROW: No, sir.

THE COURT: Has anyone attempted in any way to force you to plead guilty in this case?

MR. MORROW: No, sir.

THE COURT: Now, you may withdraw your plea of guilty before the Court accepts it for any reason or for no reason, but do you understand, sir, that if the Court accepts your guilty plea, you do not have the right to withdraw it?

MR. MORROW: I understand.

THE COURT: And are you pleading guilty, Mr. Morrow, of your own free will because you are, in fact, guilty?

MR. MORROW: Yes, sir . . .

3

> . . .THE COURT: Sir, have you answered truthfully all of my questions?
>
> MR. MORROW: Yes, sir.
> (Rule 11 Tr. 14-24).

On April 14, 2008 Petitioner was sentenced to a total of 70 months imprisonment (DE-18). A Notice of Appeal was filed by Petitioner on April 15, 2008 (DE-15). The Fourth Circuit affirmed Petitioner's conviction and sentence on April 27, 2009 (DE's 22-23). Finally, Petitioner filed the instant motion on January 26, 2010 (DE-28).

## II. Legal Standards

### A. Motion to Dismiss

The Government has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint...." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir.1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U .S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

4

legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id.* at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted)

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. *See* Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. *See* Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

**B. 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (citing Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); see also, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)

5

(stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . .").

**C.  Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969).  The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973).  In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty.  The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67.  Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

Similarly, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed.  Specifically:

> [A] defendant's solemn declarations in open court . . . 'carry a strong

presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . .

Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted).

**D. Ineffective Assistance of Counsel**

Petitioner contends that he received ineffective assistance of counsel. To prevail on his claims of ineffective assistance, petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also* Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also* Satcher, 126 F.3d at 57.

7

### III. Analysis

Petitioner's Motion to Vacate fails to state any valid claim. In his Motion to Vacate Petitioner asserts that he received ineffective assistance of counsel because his attorney "was remiss for failing to file a motion to suppress" (DE-28, pg. 4). This allegation is insufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570.

First, Petitioner has failed to show that his counsel's performance was objectively below reasonable standards. In fact, the clear and objective facts show that counsel represented him thoroughly and effectively. Likewise, Petitioner has not demonstrated that, but for the claimed ineffectiveness, the results would have been different.

Moreover, Petitioner's assertions in his Motion to Vacate directly contradict his sworn statements made during a Rule 11 colloquy. Specifically, Petitioner's sole claim would have been know to him during his January 7, 2008 Rule 11 hearing. During this hearing, Petitioner asserted that he was satisfied with the services that counsel provided him (DE-20, pg. 16). He also affirmed that he was guilty of the crime with which he was charged. Because they contradict his sworn testimony, Petitioner's contentions are hereby deemed 'palpably incredible' and 'patently frivolous or false.' Lemaster, 403 F.3d at 221 (*quoting* Crawford v. United States, 519 F.2d 347, 350 (4th Cir.1975)).

### IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-30) be GRANTED and that Petitioner's Motion to Vacate (DE-28) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina this 7th day of April, 2010.

```
                    _____
                         William A. Webb
                         U.S. Magistrate Judge
```