IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-336-FL
NO. 5:09-CV-562-FL

| | |
|---|---|
| JAMES WEBSTER MORROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE #s 25, 28) and respondent's motion to dismiss (DE # 30). In adjudicating these motions, the court has the benefit of the memorandum and recommendation ("M&R") entered by United States Magistrate Judge William A. Webb (DE # 34). The magistrate judge recommends that the court grant the government's motion to dismiss and deny petitioner's motion to vacate. Petitioner timely objected to the M&R, and respondent did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court overrules petitioner's objections, and grants respondent's motion to dismiss.

### STATEMENT OF THE CASE

On November 14, 2007, petitioner was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924. Petitioner entered a plea of guilty to this charge on January 7, 2008. On April 14, 2008, this court sentenced petitioner to seventy (70) months imprisonment. Petitioner then filed a notice of appeal. On April 27, 2009, the Fourth Circuit Court

of Appeals affirmed petitioner's conviction and sentence. See United States v. Morrow, 323 F. App'x 262 (4th Cir. 2009) (unpublished) (per curiam).

Petitioner filed his § 2255 petition on December 31, 2009.[1] Petitioner asserts that his attorney was ineffective for failing to file a motion to suppress. On March 10, 2010, respondent filed a motion to dismiss the petition. On March 25, 2010, petitioner filed a response to respondent's motion to dismiss. On April 7, 2010, the magistrate judge issued an M&R, finding that petitioner failed to state a claim that is plausible on its face for ineffective assistance of counsel, and recommending that the § 2255 petition be dismissed.

On April 19, 2010, petitioner filed an objection to the M&R, contending that the magistrate judge overlooked an argument in his memorandum of law in support of his § 2255 motion. Respondent did not file a response to petitioner's objection to the M&R.

## DISCUSSION

A.    Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).

---

[1] On January 11, 2010, the court notified petitioner that his section 2255 petition was not on the proper form. Petitioner was provided the proper form, and directed to complete and return the form within fourteen (14) days. Petitioner timely submitted his petition on the proper form on January 26, 2010.

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.   Analysis

Petitioner objects to the magistrate judge's recommendation that his § 2255 petition be dismissed. Petitioner asserts that the magistrate judge failed to address his argument that his consent to search the vehicle he was driving on the day of his arrest was not knowingly and intelligently made because he was experiencing a severe drop in his blood sugar.

Generally, a claim of ineffective assistance of counsel is resolved by application of the widely accepted two-part analysis announced in Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must demonstrate that his counsel's acts or omissions fell outside the range of reasonably competent assistance. Id. at 690. If petitioner establishes that his counsel's performance fell outside the acceptable range, he must then satisfy Strickland's second prong by showing a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Where, as here, petitioner alleges ineffective assistance of counsel following the entry of a guilty plea, he must show that he would not have pleaded guilty and would have insisted on going to trial but for counsel's errors. See Hill v. Lockhart, 474 U.S. 52, 53-59 (1975); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988).

In this case, petitioner pleaded guilty to being a felon in possession of a firearm. A valid guilty plea constitutes the admission of the material elements of a crime. See McCarthy v. United States, 394 U.S. 459, 466 (1969). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the plea hearing, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). Additionally, "[t]he

3

representations of the defendant, his lawyer, and the prosecutor at a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blacklege v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 240 (4th Cir. 1984).

The facts in this case establish that petitioner's plea was knowing and voluntary, without the interference of coercion. In particular, petitioner testified at the plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. Petitioner further testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. After listening to petitioner's responses to the guilty plea colloquy in open court and observing petitioner's demeanor, this court found as a fact that petitioner was competent to stand trial. Finally, the record reveals that there was a factual basis for petitioner's plea.

In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). This court finds that petitioner has not demonstrated extraordinary circumstances necessary to demonstrate that his guilty plea was not knowing and voluntary. Accordingly, petitioner's in-court representations are deemed conclusive, and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel.

4

A voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors. See Tollett v. Henderson, 411 U.S. 258, 267 (1973). Following final judgment, collateral attack is limited to whether the plea was counseled and voluntary. See, e.g., United States v. Broce, 488 U.S. 563, 569 (1989). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett, 411 U.S. at 267. Petitioner's claim that he did not provide knowing and intelligent consent to search his vehicle is non-jurisdictional. See United States v. Stancil, 252 Fed. Appx. 538, 540 (4th Cir. 2007) (unpublished) (finding Fourth Amendment claim waived where there was a knowing and voluntary guilty plea); United States v. Mangum, 238 F.3d 416, 2000 WL 1867943, *1 (4th Cir. Dec. 21, 2000) (unpublished table decision).

Morever, plaintiff has not alleged that he would not have pleaded guilty but for his counsel's failure to move to suppress evidence. Indeed, in his objections to the M&R, petitioner expressly notes that he is not challenging the validity of his plea agreement or his guilt. Petitioner seems merely to want to make a standalone claim regarding the Fourth Amendment, which as noted is barred by his plea colloquy and does not appear in any event to have any merit. Therefore, and for the reasons otherwise stated above, the court ADOPTS the findings and recommendations of the magistrate judge in full.

C.   Certificate of Appealability

The court must now determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a

certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the claims presented in the petition in light of the applicable standard, the court finds that petitioner has failed to meet the requirements for a certificate of appealability. Petitioner failed to make a "substantial showing" of the denial of a constitutional right because reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong. None of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the reasons stated, petitioner's objection is without merit. Accordingly, ADOPTING in full the magistrate judge's analysis and recommendation (DE # 34), respondent's motion to dismiss (DE # 30) is GRANTED and petitioner's § 2255 petition (DE #s 25, 28) is DISMISSED. The Clerk of Court is DIRECTED to close the case file.

SO ORDERED, this the 5 day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge